**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Edward Brown, | No. CV-21-00561-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On September 30, 2016, Claimant protectively filed for disability insurance benefits under Title II of the Social Security Act, alleging disability as of June 13, 2015 (AR 29, 299-300.) The agency denied his claim initially and again on reconsideration (AR. 143, 166). After an administrative hearing, the ALJ issued an unfavorable decision on June 13, 2019, finding Claimant not disabled. (AR 26-49, 93-118.) The Appeals Council found no reason to review the ALJ's decision, which made the ALJ's decision the final decision of the Commissioner. (AR 10-14.) Claimant, representing himself, seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).[1]

**I. Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the

---
[1] The Court will not consider Claimant's reply brief (Doc. 41) because it was filed nearly a year after the response brief was filed (Doc. 40). LRCiv. 16.1(c) (authorizing a claimant to file a reply brief within 15 days of a response brief being filed). Similarly, the Court will not review subsequent filings related to the untimely reply brief.

Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## II. Analysis

### A. Claimant's symptom testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. This is the most demanding standard in Social Security cases. *Id.* at 1015. In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony," but cannot reject a claimant's testimony solely for "lack of medical evidence." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Claimant appears to suggest that the ALJ improperly discounted his symptom testimony, although he does not develop this argument. Nevertheless, the Court finds that the ALJ properly articulated specific, clear and convincing reasons for discounting Claimant's testimony about his pain and mental symptoms. The ALJ gave three reasons. First, the objective medical evidence showed repeatedly normal physical examinations and multiple instances of Claimant presenting to doctors, disclaiming discomfort, all of which did not correlate to Claimant's testimony of limitation-causing pain. (AR 36-38.) The medical record also revealed normal findings on objective measures of mental competency. (*Id.*)

Second, the medical record showed that Claimant's symptoms responded to injections and exercise and did not need more invasive and intense treatments. (AR 37.) As for his mental capacity, the record contained reports from Claimant that medication was

improving his mental issues. (AR 24.) And even though Claimant voluntarily suspended services for a time, he located a new mental health provider where he was "largely happy and doing well on current medications." (AR 37-38.)

Finally, Claimant's normal daily activities—which included caring for his elderly mother, developmentally disabled brother, and his partners children and performing housework—belie his testimony that he could not work due to pain, anxiety, depression, short-term memory loss, and manic episodes. (AR. 34-35, 58.) This is clear and convincing reason to discount Claimant's symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

### B. Medical Opinions

Before awarding or denying SSDI or SSI benefits, the ALJ must "articulate in [his] determination or decision how persuasive [he] finds all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b)(1). Persuasiveness turns primarily on whether a medical opinion is supported and consistent. 20 C.F.R. § 404.1520c(b)(2). The ALJ need not consider other factors, such as a medical source's relationship with a claimant, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported. 20 C.F.R. § 404.1520c(b)(3). These considerations apply equally to findings by the state agency medical and psychological consultants who review claims at the initial and reconsideration levels of the administrative process. 20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. § 404.1513(a)(5).

The ALJ explained her reasoning for finding the opinion of Dr. Brent Geary unpersuasive. He opined that Claimant would be absent from work two to three times per month; that panic attacks would cause him to leave work; and that the was markedly limited in maintaining attention and concentration for extended periods, performing activities within a schedule, and completing a workday. (AR. 39, 399-403.) This, however, was contradicted by (1) Dr. Geary's own assessment that Claimant presented with good concentration, normal memory recall, and logical though processes, (2) the longitudinal

record, which showed, at best, mild cognitive impairment, and (3) the opinions of the consulting psychologists, Drs. Mary Downs and Rosalia Pereyra, who opined that Claimant could meet the basic mental demands of competitive, remunerative, unskilled work, with just a few changes in the work setting. (AR 39.)

As to Randa Harsha, MSPC, the ALJ noted that he conducted his examination of Claimant after the relevant period of alleged disability under review, making it irrelevant. Moreover, his opinion was inconsistent with the opinions of the aforementioned psychological consultants.

**III. Conclusion**

The ALJ appropriately articulated reasons for discounting Claimant's symptom testimony, finding Dr. Geary's and Randall Harsha, MSPC's opinions less-than-persuasive.

**IT IS ORDERED** that the decision of the ALJ is **AFFIRMED**. The Clerk is directed to enter judgment accordingly and terminate this case.

Dated this 31st day of March, 2023.

Douglas L. Rayes
United States District Judge